IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                Civ. No. 00-1338 JP/RLP]

ITEM 1: A 1990 JEEP CHEROKEE,
ITEM 2: $40,000 IN U.S. CURRENCY,
ITEM 3: $50,000 IN U.S. CURRENCY,
ITEM 4: $19,830 IN U.S. CURRENCY,
ITEM 5: $19,882.40 IN U.S. CURRENCY,
ITEM 6: $8,753.11 IN U.S. CURRENCY, and
ITEM 7: JEWELRY AND MISC. PERSONAL
ITEMS,

    Defendants,
and

OLAF JUDA,

    Claimant.

MEMORANDUM OPINION AND ORDER

On May 25, 2001, Claimant Olaf Juda filed a *pro se* Motion to Dismiss Complaint for Lack of Subject Matter Jurisdiction; F. R. Civ. P. 12(b)(1) (Doc. No. 11). The motion to dismiss facially attacks the Verified Complaint for Forfeiture in Rem (Doc. No. 1), filed September 25, 2000, on the basis of lack of subject matter jurisdiction.[1] Having reviewed the briefs and the relevant law, I find that the motion to dismiss should be denied.

---

[1]The Claimant's reply brief raises for the first time a factual challenge to the subject matter jurisdiction alleged by the United States. Consequently, the United States did not have an opportunity to address the factual challenge to subject matter jurisdiction. If the Claimant wishes to pursue a factual challenge to subject matter jurisdiction, he must do so by filing a separate motion in accordance with the local rules.

To analyze a facial attack under Fed. R. Civ. P. 12(b)(1), the Court examines the sufficiency of the complaint on its face and accepts the allegations in the complaint as true. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). In this case, the United States alleges original federal jurisdiction under 28 U.S.C. §§1345, 1355 and 1356. ¶2 of Verified Complaint. The United States also alleges that the "Defendants are subject to arrest and forfeiture to plaintiff under 21 U.S.C. 881(a)(6) because they were furnished or intended to be furnished in exchange for a controlled substance or constitute proceeds traceable to such an exchange." *Id*. at ¶39.

28 U.S.C. §1345 provides that "[e]xcept as otherwise provided by Act of Congress, the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States...." The Verified Complaint clearly shows that the United States commenced this forfeiture action. The Claimant does not indicate that there is some Act of Congress which divests the district court of original jurisdiction when the United States is a plaintiff in a forfeiture proceeding. Accordingly, the United States alleges sufficient facts in the Verified Complaint to demonstrate that 28 U.S.C. §1345 provides federal jurisdiction in this case.

28 U.S.C. §1355(a) provides that "[t]he district courts shall have original jurisdiction ... of any action or proceeding for the recovery or enforcement of any ... forfeiture ... incurred under any Act of Congress ...." Here, the Verified Complaint alleges that this is a forfeiture action brought under 21 U.S.C. §881(a)(6). Section 881(a)(6) states that

> The following shall be subject to forfeiture to the United States and no property right shall exist in them: ... (6) All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter, except that no property shall be

> forfeited under this paragraph, to the extent of the interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted without the knowledge or consent of that owner.

The Verified Complaint at ¶35 contains the Magistrate Judge's findings from a previous related case.  Those findings indicate that the Claimant

> testified that the 1989 drug transaction involved a large shipment of hashish to Canada. He was initially paid in Canadian dollars in Canada, but he was afforded the opportunity to receive payment in U.S. currency. Subsequently, he received payment of approximately $400,000 in U.S. currency in Long Island, New York for his illegal drug activities.
>
> i.  There is a nexus between the illegal drug trafficking and Juda's personal property (Defendant Items 1 through7).
>
> j.  Payment of the funds to Juda constituted part of the drug trafficking conspiracy, and a nexus exists between the payment of this money in the United States and Juda's subsequent activities to hide or to avoid detection of the receipt of illegal proceeds by activities occurring in the United States.

The Tenth Circuit subsequently reversed the Magistrate Judge's resulting (and subsequently adopted) recommendation to dismiss the Claimant's petition for return of his property.  *Id*. at ¶37.  The Tenth Circuit vacated the District Court's forfeiture of the Claimant's personal property "because Customs failed to send notice to Juda's place of incarceration, and remanded the case to the District Court to determine 'whether the government has a valid argument against the operation of the statute of limitations' that would allow it to file a new forfeiture against Juda's personal property."  *Id*.   Upon remand the District Court "held that the United States need not return Juda's personal property or its monetary equivalent if it institutes judicial forfeiture proceedings within the remaining limitations period."  *Id*. at ¶38.  Accordingly, the United States filed this forfeiture proceeding.

Although the Magistrate Judge's recommendation to proceed with the forfeiture was reversed by the Tenth Circuit on notice and statute of limitations grounds, it is reasonable to assume that now that the notice and statute of limitations issues have been resolved, the United States will argue in this case to adopt the Magistrate Judge's finding of a nexus between the payment of money in Long Island, New York and the Claimant's activities to conceal the receipt of illegal proceeds by activities occurring in the United States.  If adopted, these findings could support a conclusion that a forfeiture is warranted under 21 U.S.C. §881(a)(6). The Verified Complaint, therefore, alleges sufficient facts to establish original jurisdiction based on 28 U.S.C. §1355(a).

Finally, 28 U.S.C. §1356 provides that "[t]he district courts shall have original jurisdiction ... of any seizure under any law of the United States on land or upon waters not within admiralty and maritime jurisdiction ...."  The Verified Complaint alleges a seizure of personal property under 21 U.S.C. §881(a)(6).  As discussed above, the Verified Complaint contains sufficient allegations to support a forfeiture under 21 U.S.C. §881(a)(6).  Consequently, the Verified Complaint alleges sufficient facts to establish original jurisdiction under 21 U.S.C. §881(a)(6).

IT IS ORDERED that the Claimant's Motion to Dismiss Complaint for Lack of Subject Matter Jurisdiction; F. R. Civ. P. 12(b)(1) (Doc. No. 11) is denied.

_____
CHIEF UNITED STATES DISTRICT JUDGE