**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                  No. CV 00-1338 JP/RLP

ITEM 1:  A 1990 JEEP CHEROKEE;
ITEM 2:  $ 40,000 IN U.S. CURRENCY;
ITEM 3:  $ 50,000 IN U.S. CURRENCY;
ITEM 4:  $19,830 IN U.S. CURRENCY;
ITEM 5:  $19,882.40 IN U.S. CURRENCY;
ITEM 6:  $8,753.11 IN U.S. CURRENCY; AND
ITEM 7:  JEWELRY AND MISC. PERSONAL ITEMS,

        Defendants,

and

OLAF JUDA,

        Claimant.

**MEMORANDUM OPINION AND ORDER**

On October 31, 2002 Claimant Olaf Juda filed a Motion to Dismiss Complaint for Failure to State a Competent Claim (Doc. No. 25). On November 8, 2002 Plaintiff United States of America filed a Motion to Amend Plaintiff's Complaint (Doc. No. 26), and a Second Motion for Summary Judgment (Doc. No. 27). On December 5, 2002 Juda filed a Motion to Strike or Deny USA's Motion to Amend Complaint and Second Motion for Summary Judgment (Doc. No. 32). The Court has carefully considered the pleadings, the facts of record, the applicable case law, and the arguments of counsel and of the *pro se* Claimant. The Court concludes that Plaintiffs' Motion to Amend should be GRANTED, that the Claimant's Motion to Dismiss should be DENIED, and

that the Claimant's Motion to Strike should be DENIED. A ruling on Plaintiff's Second Motion for Summary Judgment will be deferred pending further briefing.

The attempted forfeiture of the Defendant Items of property has a long procedural history which was summarized in this Court's Memorandum Opinion and Order filed October 11, 2002 (Doc. No. 24). In its Complaint Plaintiff, the United States of America, seeks to forfeit the Defendant Items of property as proceeds of illegal drug trafficking under 21 U.S.C. § 881(a)(6). The United States seized the Defendant Items following the arrest of Claimant Olaf Juda for drug transportation and arson on the high seas in 1991. The government then forfeited the Defendant Items in administrative proceedings. Mr. Juda challenged the validity of the administrative forfeitures in federal court, Juda v. Nerney, et al., D.N.M., No. CV 96-584 JP/LFG, and succeeded in voiding the forfeitures. The United States secured a ruling that the statute of limitations was tolled on its forfeiture claims during the approximately nine years of administrative forfeiture proceedings, Id., Doc. Nos. 59 and 68, *aff'd*, Juda v. Nerney, No. 00-2437 (10th Cir. May 8, 2001) (unpublished). The United States filed the present action on September 25, 2000.

In the October 11, 2002 Memorandum Opinion and Order, this Court denied Plaintiff's motion for summary judgment. The United States' theory was that there was a nexus between the Defendant Items and Mr. Juda's illegal drug activity because the property was acquired with proceeds from an illegal drug crime. Mr. Juda countered that the proceeds were from a transaction in which drugs were imported into Canada, not from a crime in violation of the United States' Controlled Substances Act, as required by 21 U.S.C. § 881(a)(6).[1] This Court did not

---

[1] Under 21 U.S.C. § 881(a)(6), certain types of property, including money and other things of value, are subject to forfeiture if they were furnished in exchange for controlled substances "in violation of this subchapter," or proceeds of such an exchange.

reach Juda's argument because the United States relied on factual findings and conclusions made by the Court in the litigation over the administrative forfeitures to support its motion for summary judgment. In denying Plaintiff's motion for summary judgment, this Court rejected the application of collateral estoppel to the previously-made findings and conclusions, and found that there were disputed issues of material fact as to the forfeitability of the Defendant Items of property. The Court identified the factual dispute as whether there is a sufficient nexus between the Defendant Items and a violation of the Controlled Substances Act to sustain a forfeiture under § 881(a)(6). Mem. Op. & Ord. (Doc. No. 24) at 11.

Additionally, the Court noted that the United States asserted in the administrative litigation that property found in New Mexico is seizable and forfeitable no matter where the illegal activity took place. The Court questioned the accuracy of that assertion where the property is proceeds of a crime that occurred outside the territorial jurisdiction of the United States. Id. at 10 n.5. The Court requested the United States to clarify its legal theory of the case in subsequent pleadings. Id.

*1. Plaintiff's Motion to Amend.*

The United States moves to amend its Complaint to add an alternative claim for relief under 18 U.S.C. § 981(a)(1)(B), which provides for civil forfeiture of:

> (B) Any property, real or personal, within the jurisdiction of the United States, constituting, derived from, or traceable to, any *proceeds obtained directly or indirectly from an offense against a foreign nation,* or any property used to facilitate such an offense, if the offense--
>     (i) involves the manufacture, importation, sale, or distribution of a controlled substance (as that term is defined for purposes of the Controlled Substances Act), or any other conduct described in section 1956(c)(7)(B);

>              (ii) would be punishable within the jurisdiction of the
> foreign nation by death or imprisonment for a term exceeding 1
> year; and
>              (iii) would be punishable under the laws of the United States
> by imprisonment for a term exceeding 1 year, if the act or activity
> constituting the offense had occurred within the jurisdiction of the
> United States.

(Emphasis added.).  This statute expressly authorizes the forfeiture of property found in the United States even though the property is the fruit of an extraterritorial drug crime.  *See* United States v. Vacant Land known as Los Morros, 885 F. Supp. 1329 (S.D. Cal. 1995) (property located in California acquired with proceeds of drug crime committed in Netherlands forfeited under 18 U.S.C. § 981(a)(1)(B)).  Now that the Plaintiff has clarified its legal theory, the question becomes whether the United States should be allowed to amend its Complaint.

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend must be "freely given when justice so requires."  Justice ordinarily requires that leave to amend be granted unless the party seeking to amend is guilty of delay, bad faith, or dilatory motive, or unless the amendment would be futile or unduly prejudicial to the opposing party.  Foman v. Davis, 371 U.S. 178, 182 (1962); Frank v. U.S. West, Inc., 3 F.3d 1357, 1365 (10th Cir. 1993).  Untimeliness of a motion to amend can be, by itself, "a sufficient reason to deny leave to amend, particularly when the movant provides no adequate explanation for the delay."  Panis v. Mission Hills Bank, N.A., 60 F.3d 1486, 1495 (10th Cir. 1995).  The court many deny a motion to amend as futile if the proposed amendment would not withstand a motion to dismiss or if it otherwise fails to state a claim upon which relief may be granted.  Ketchum v. Cruz, 961 F.2d 916, 920 (10th Cir. 1992); Schepp v. Fremont County, Wyoming, 900 F.2d 1448, 1451 (10th Cir. 1990).  "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal."

4

Jefferson County School Dist. No. R-1 v. Moody's Investor's Services, Inc., 175 F.3d 848, 859 (10th Cir. 1999) (citation omitted).

  Although the proposed amendment comes long after the Complaint was filed, it will not cause undue delay in resolving the case, and it may allow this case to be resolved more promptly than if the amendment were not allowed. If the amendment were not allowed, the United States could file a separate forfeiture complaint alleging this new cause of action against the same seven Defendant Items of property. This would result in unnecessary multiplication of judicial proceedings in a case that has had more than its share of judicial proceedings. This case is unlike Hayes v. Whitman, 264 F.3d 1017 (10th Cir. 2001) in which the Tenth Circuit affirmed a district court's denial of leave to amend a complaint where the plaintiff was attempting to "salvage a lost case by untimely suggestion of new theories of recovery." Id. at 1027 (*quoting* Viernow v. Euripides Dev. Corp., 157 F.3d 785, 800 (10th Cir. 1998)). Here, Plaintiff's first motion for summary judgment was denied, but it was not denied on the merits. Rather, the Court invited Plaintiff to file another motion for summary judgment on the issue of whether there was a sufficient nexus between Juda's property and a violation of the Controlled Substances Act to sustain a forfeiture under 21 U.S.C. § 881(a)(6). Although the Court is deferring a decision on Plaintiff's second motion for summary judgment, it cannot be said that Plaintiff's claim under § 881(a)(6) is a lost case.

  The amendment will not unduly prejudice the Claimant. The amended complaint does not present a new theory, but merely provides statutory support for Plaintiff's long-standing theory of forfeiture. As this Court mentioned in footnote 5 of its October 11, 2002 Memorandum Opinion and Order, the United States has argued that property found in New Mexico is seizable and

5

forfeitable no matter where the illegal activity took place.  Even if the Amended Complaint were to present a new theory, it should be allowed in the interests of justice.

Juda opposes the amendment (and moves to strike the motion to amend) on the ground that the motion violates Rule 16 in that it goes beyond the scope of a "pretrial order."  Juda apparently mistakes the Court's October 11, 2002 Memorandum Opinion and Order for a Rule 16 order, which may limit the time available to amend the pleadings.  Fed. R. Civ. P. 16(b)(1).  That Memorandum Opinion and Order merely denied a pending motion for summary judgment, and invited the Plaintiff to file another motion for summary judgment.  In no way did the Court restrict Plaintiff from filing a motion to amend its Complaint.

Next, Juda argues for the application of judicial estoppel, claiming that the United States has taken contrary positions and changed its claims.  He asserts that it is fundamentally unfair for him to have to defend his property at this late date against a new legal theory that is contrary to the earlier position taken by the United States.  As discussed above, the position now taken by the United States, however, is not contrary to its earlier position; it merely clarifies the statutory basis for the theory it has asserted all along, namely that Juda's interest in property found in New Mexico can be forfeited by law no matter where the drug proceeds were earned or collected.  The United States should not be estopped from providing additional statutory support for its theory of forfeitability.  Moreover, the doctrine of judicial estoppel has been rejected by the Tenth Circuit.  <u>United States v. 162 MegaMania Gambling Devices</u>, 231 F.3d 713, 726 (10th Cir. 2000).

Juda also contends that the amendment is untimely.  The proposed amendment comes over two years after the Complaint was filed in this case, and many more years after the Claimant raised and the Court began looking into the issue of forfeitability during the administrative

forfeiture litigation.  In all probability, the Court's request for clarification of Plaintiff's theory prompted the government to discover this statutory provision.  If the amendment were denied as untimely, the United States would simply file another case, which would likely be consolidated with this case.  Thus, I am inclined to find that the amendment is not unduly untimely, and to allow it unless the amendment would be futile.

     Juda has two arguments that suggest futility.  Juda first asserts that 18 U.S.C. § 981(a)(1)(B) is facially unconstitutional because it does not require proof of a nexus to the drug offense from which the proceeds, the property being forfeited, was derived.  On its face, however, the statute requires a nexus between the property and a drug crime in that the property sought to be forfeited must constitute, be derived from, or be traceable to proceeds from a drug crime.  Further, the fact that the statute provides for forfeiture in the case of a foreign drug crime does not make the statute constitutionally infirm.  Congress can provide for extraterritorial jurisdiction in dealing with drug crimes involving United States citizens.  In fact, Mr. Juda, a citizen of the United States, was convicted under the Maritime Drug Law Enforcement Act ("MDLEA") for using a stateless vessel on the high seas to transport drugs bound for Canada.  <u>United States v. Juda</u>, 46 F.3d 961 (9th Cir. 1995).  The MDLEA allows for prosecution of a citizen of the United States "regardless of the destination of the drugs."  <u>Id.</u> at 965.  The MDLEA withstood Mr. Juda's constitutional challenge in that case.  *See* <u>id.</u> at 966-67.

     Additionally, § 981(a)(1)(B) does not exceed Congress' power under the Commerce Clause, which empowers Congress "to regulate commerce with foreign Nations, and among the several States, and with Indian Tribes."  United States Constitution, Art. I, Sec. 8, cl. 3.  Congress has found that the illicit drug trade affects interstate and foreign commerce.  *See*

7

21 U.S.C. §§ 801(2) and 801(3).  The Court concludes that the statute is constitutional.

Juda next argues that an action to forfeit under 18 U.S.C. § 981(a)(1)(B) should be barred by the statute of limitations contained in 18 U.S.C. § 984(b), which provides:

> No action pursuant to this section to forfeit property not traceable directly to the offense that is the basis for the forfeiture may be commenced more than 1 year from the date of the offense.

The United States asserts that it can trace all the Defendant Items of property to the 1989 Canadian drug offense, and so the one-year limitation of this section does not apply.  Indeed, Juda has admitted that the Defendant Items of property are derived from the 1989 drug offense.  Given that concession, the applicable statute of limitations under the § 981 claim is the five-year limitation contained in 19 U.S.C. § 1621, which provides:

> No suit or action to recover . . . any pecuniary penalty or forfeiture of property accruing under the customs laws shall be instituted unless such suit or action is commenced within five years after the time when the alleged offense was discovered . . ..

This Court has already determined, and the Tenth Circuit has affirmed, that the five-year statute of limitations contained in 19 U.S.C. § 1621 was tolled from December 13, 1991 until April 17, 2000 for the jewelry, and from October 27, 1991 until April 17, 2000 for the remaining Defendant Items of property.  See Juda v. Nerney, et al., CV 96-584 JP/LFG, Mag. Judge's Rec. Disp. filed July 17, 2000 (Doc. No. 59) and Order Adopting Mag. Judge's Rec. Disp. filed Aug. 21, 2000 (Doc. No. 68); aff'd Juda v. Nerney, et al., No. 00-2437 (10th Cir. May 8, 2001) (unpublished opinion).  In recommending equitable tolling of the statute of limitations, the Magistrate Judge found that there was no evidence of dilatory tactics on the part of the United States, and that the United States reasonably relied on the administrative forfeiture proceeding

and its attempted notice to Juda.  Juda v. Nerney, CV 96-584, Rec. Disp. July 17, 2002 at 7-8 (Doc. No. 59).  The United States was in the process of litigating the validity of the administrative forfeiture until the Tenth Circuit's April 17, 2000 opinion in Juda II, and even though the Tenth Circuit determined that the administrative forfeitures were void, the legal positions maintained by the United States in that litigation were neither unreasonable nor meritless.  Id. at 8.

There is no principled reason not to toll the same statute of limitations for the new claim.  The new claim simply asserts an alternative theory under which forfeiture may be accomplished; it raises no new factual issues other than one that has already been admitted by Juda, i.e. that he committed an offense against a foreign nation by importing hashish into Canada in 1989.[2]  Until this Complaint was filed, the forfeitures of the Defendant Items were accomplished by means of administrative proceedings.  In Juda v. Nerney, Juda testified that he was paid for importing a large amount of hashish into Canada in 1989, and that he used the proceeds of that crime to purchase all the Defendant Items of property.  Given this testimony, the United States could have asserted its claim for relief under 18 U.S.C. § 981(a)(1)(B) when it filed its Complaint.  However, its failure to do so cannot be considered dilatory or in bad faith.

---

[2] The new claim for relief would relate back to the filing of the original Complaint in this case because the claim "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed.R.Civ.P. 15(c)(2).  An amendment properly relates back "if the original complaint gives the defendant fair notice that litigation is arising out of a specific factual situation." Spillman v. Carter, 918 F.Supp. 336, 340 (D.Kan. 1996).  The theory behind this rule is that "once litigation involving particular conduct or a given transaction has been instituted, the parties are not entitled to the protection of the statute of limitations against the later assertion by amendment of . . . claims that arise out of the same conduct, transaction, or occurrence as set forth in the original pleading." 6A Charles A. Wright et al., Federal Practice and Procedure: Civil 2d § 1496 (1990).  Because the purpose of a statute of limitations is to prevent the assertion of stale claims, its purpose is not violated by allowing, after the statute has run, the addition of claims arising out of conduct, transactions or occurrences which are already a part of active litigation.  See FDIC v. Conner, 20 F.3d 1376, 1385 (5th Cir. 1994).

The Magistrate Judge assumed in his July 17, 2000 Recommended Disposition that the accrual date for the statute of limitations was July 16, 1991, the date of Juda's arrest, representing the date "when the alleged offense was discovered." This date was used because the parties had "suggested no other appropriate accrual date." (Doc. No. 59 at 4). Now that the United States will trace the Defendant Items to the 1989 crime, not the 1991 crime, the accrual date for the statute of limitations must be when the 1989 offense was discovered. United States v. Twenty-Seven Parcels of Real Property, 236 F.3d 438, 440 (8th Cir. 2001). The record is not clear as to when the 1989 crime was discovered by the United States. For purposes of this analysis, the Court will assume the crime was discovered at or around the time the crime occurred in the summer of 1989.[3] Even using this earlier accrual date, however, the five-year statute of limitations had not expired at the time the United States filed its Complaint. At most 2 1/2 years elapsed between the summer of 1989 and the fall of 1991, when equitable tolling began for the various Defendant Items. Tolling continued until April 17, 2000, at which time the statute of limitations re-commenced and ran until September 25, 2000 when the United States filed this Complaint, another approximately 1/2 year. Thus at most three years of the statute of limitations ran using this earlier accrual date.

The United States' proposed amendment will be allowed.

*2. Claimant's Motion to Strike.* Claimant Juda responded to Plaintiff's motion to amend the complaint and to Plaintiff's second motion for summary judgment by filing a brief entitled

---

[3] There is some evidence in the record that the United States knew about Juda's previous crimes well before his July 1991 arrest. *See, e.g.,* Decl. Landmann attached to Pl. 2d M/SJ (indicating US Customs may have had knowledge about Juda's drug smuggling in the summer of 1989); United States v. Juda., 46 F.3d 961, 964 (9th Cir. 1995) ("United States Customs learned in 1989 that defendant Olaf Juda was the captain of a ship that had off-loaded marijuana on the Oregon coast in 1987.")

"Claimant's Motion to Strike or Deny USA's Motion to Amend Complaint and Second Motion for Summary Judgment (Doc. No. 32). The Court has considered all the arguments contained in this brief in connection with its ruling on the motion to amend. Because the Court is granting Plaintiff's motion to amend the complaint, the motion to strike will be denied.

    *3. Claimant's Motion to Dismiss.*

Juda moves to dismiss the original Complaint on two grounds: first, lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1); and second, failure to state a claim under Fed. R. Civ. P. 12(b)(6). The motion to dismiss was filed before Plaintiff filed its motion to amend, and so it addresses only the allegations of the original Complaint.

In a Memorandum Opinion and Order filed August 6, 2001 (Doc. No. 16), this Court denied Claimant's previously-filed motion to dismiss, in which Claimant made a facial challenge to the Complaint for lack of subject-matter jurisdiction. The Court found that under the allegations on the face of the Complaint, it has subject-matter jurisdiction under three separate jurisdictional statutes.

Claimant now argues that the Complaint for forfeiture is facially deficient because it does not allege that the Canadian drug venture violated the drug laws of the United States. Juda questions whether his property can be forfeited under 21 U.S.C. § 881(a)(6), a statute that expressly requires a violation of the United States' drug laws (the Controlled Substances Act). Juda contends that proceeds from foreign drug ventures are not subject to the forfeiture jurisdiction of the United States unless the drugs, as opposed to the proceeds of the drug venture, have a nexus to the United States. Juda also asserts that without illegal drug activity occurring within the jurisdiction of the United States, or intended for importation into the United States, the

11

proceeds of a foreign drug venture are not forfeitable under United States law.

The Court agrees that § 881(a)(6) requires a violation of the Controlled Substances Act; this is the very concern expressed in footnote 5 of this Court's previous Memorandum Opinion and Order of October 11, 2002.  That does not mean, however, that the United States lacks forfeiture authority under § 881(a)(6) over proceeds of a crime involving importation of drugs into a foreign country.  The United States takes the position that the proceeds found in New Mexico may be forfeited here because Juda and his co-conspirators committed violations of the federal drug laws of the United States in New Mexico and elsewhere.

The original Complaint alleges that the items of property are subject to forfeiture under 21 U.S.C. § 881(a)(6), which provides that "all monies . . . or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance, . . . proceeds traceable to such an exchange, and all moneys . . . used or intended to be used to facilitate any violation of this subchapter . . ." are subject to forfeiture.  According to my interpretation of this statute, the term "this subchapter" refers to the United States' Controlled Substances Act.

There must be a nexus between the Defendant Items of property and a violation of the Controlled Substances Act.  The Complaint alleges that payment to Juda in the United States of funds from the 1989 Canadian drug delivery was part of a drug trafficking conspiracy.  Compl. ¶ 35(d), (g), (h), (i), and (j); *see also* ¶ 9 (Juda involved in smuggling marijuana into Oregon in 1987); ¶ 10 (Juda involved in importation of hashish on ship in 1989); ¶¶ 11-14 (Juda involved in planning and execution of importation of hashish in 1990 and 1991).  Thus the Complaint adequately alleges a drug conspiracy "in violation of this subchapter," giving this Court subject-matter jurisdiction under § 881 to forfeit money and items of property that are the proceeds of the

12

alleged drug conspiracy.

Moreover, the jurisdictional issue under 21 U.S.C. § 881(a)(6) is entwined with the merits of the forfeiture case. In this situation, it is best for the court to proceed to decide the issue on the merits by a Rule 12(b)(6) or a Rule 56 motion, or by a trial. *See* <u>Holt v. United States</u>, 46 F.3d 1000, 1003 (10th Cir. 1995) (court must convert motion to dismiss into summary judgment motion when resolution of jurisdictional question is intertwined with merits); <u>Wheeler v. Hurdman</u>, 825 F.2d 257, 259 (10th Cir. 1987); <u>Garcia v. Copenhaver, Bell & Assoc.</u>, 104 F.3d 1256, 1261 (11th Cir. 1997). "The jurisdictional question is intertwined with the merits of the case if subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case." <u>Holt</u>, 46 F.3d at 1003. Plaintiff's second motion for summary judgment is pending. The issue of whether the United States can prove factually a violation of the Controlled Substances Act to support forfeiture under § 881(a)(6) will be decided on the merits in connection with that motion.

Juda also asserts that the original Complaint should be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. He argues that the Complaint fails to allege any competent facts in support of its claim that Juda committed a drug offense recognized under § 881(a)(6). Again, Juda's argument actually goes to the merits of the Complaint rather than its allegations. He contends, for example, that the Complaint's allegations about his purchase of the Jeep, Defendant Item 1, are "nonsense" and "do not add up" because he paid for the Jeep with a large bank check and a one-time cash payment, not with monthly cash payments over a one-year period as alleged in the Complaint. The factual matters raised in Juda's 12(b)(6) motion to dismiss will be addressed in connection with the pending summary judgment motion.

*4. Plaintiff's Second Motion for Summary Judgment.*  Plaintiff has already incorporated the new cause of action under 18 U.S.C. § 981(a)(1)(B) contained in its proposed Amended Complaint in its Second Motion for Summary Judgment.  Claimant has requested, if the United States is allowed to amend its complaint, that the Court permit Claimant to answer the Amended Complaint before ruling on the motion for summary judgment.  Although the United States does not object to giving Mr. Juda additional time to file his Answer to Plaintiff's Amended Complaint, it contends that the motion for summary judgment should be granted because Mr. Juda has failed to controvert any of Plaintiff's statement of material facts set out in its motion.  In the interests of justice, the Court will defer ruling on the second motion for summary judgment and allow Mr. Juda additional time to file his response to the motion.

THEREFORE IT IS ORDERED that Plaintiff's Motion to Amend Complaint (Doc. No. 26) is granted.  The proposed Amended Complaint attached to Plaintiff's Motion to Amend is deemed filed as of this date.  Claimant is allowed until July 14, 2003 to file his Answer to the Amended Complaint.

IT IS FURTHER ORDERED that Claimant's Motion to Strike (Doc. No. 32) is denied.

IT IS FURTHER ORDERED that Claimant's Motion to Dismiss (Doc. No. 25) is denied.

IT IS FURTHER ORDERED that a ruling on Plaintiff's Second Motion for Summary Judgment (Doc. No. 27) is deferred.  Claimant is allowed until July 14, 2003 to file his Response to the Second Motion for Summary Judgment.

_____
CHIEF UNITED STATES DISTRICT JUDGE